[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14992
Non-Argument Calendar
_____

D. C. Docket No. 02-00020-CR-3-RV-MD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE J. BERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 18, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Willie James Berry, who was convicted of a crack cocaine offense, appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for modification of sentence. Berry argues that the district court erred in applying the policy statements of U.S.S.G. § 1B1.10 in a mandatory fashion, as United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered the Sentencing Guidelines advisory only. Berry argues that the district court, therefore, had authority to reduce his sentence even though he was held responsible for too great a quantity of crack cocaine and was sentenced pursuant to a statutory mandatory minimum. For the reasons set forth below, we affirm.

## I.

Berry pled guilty to conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He was held accountable for 16 kilograms of crack cocaine. Initially, he was sentenced to life imprisonment, the statutory mandatory minimum term of imprisonment for his offense, pursuant to 21 U.S.C. § 841(b)(1)(A). Later, however, the district court reduced his sentence to 240 months' imprisonment, pursuant to the government's Fed.R.Crim.P. 35(b) substantial assistance motion. On March 19, 2008, Berry filed a motion for modification of sentence, pursuant to § 3582(c)(2), citing Amendment 706 to the Guidelines. The district court denied the motion on the grounds that Amendment

2

706 did not affect Berry's guideline imprisonment range.

## II.

We review de novo "the district court's legal conclusions regarding the scope of its authority under the [Guidelines]." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, (U.S. Jan. 12, 2009) (No. 08-7610). Pursuant to § 3582(c)(2), when an already-incarcerated defendant's sentence was determined using a guideline imprisonment range that retroactive amendments to the Guidelines have reduced, the district court may reduce the sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) and if such a reduction would be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Pursuant to § 1B1.10, a reduction is not consistent with its policy statements, if the retroactive amendment in question does not have the effect of lowering defendant's applicable guideline imprisonment range. U.S.S.G. § 1B1.10(a)(2)(B). In a recent case, United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008), we held that Amendment 706 did not have the effect of lowering the applicable guideline imprisonment range of a defendant who was held responsible for more than 4.5 kilograms of crack cocaine. We explained:

> Under Amendment 706 , the guidelines now provide a base offense
> level of 36 for defendants who are responsible for at least 1.5

3

kilograms but less than 4.5 kilograms of crack cocaine. However, a base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more. Accordingly, the distinction between 12 and 50 kilograms of crack cocaine that did not matter in 1994 still does not matter in 2008, and the base offense level for that quantity range has not decreased.

Id. (internal citations omitted).

**III.**

The district court did not err in determining that Berry was not eligible for a reduction. See Moore, 541 F.3d at 1326. Berry was not sentenced using a guideline imprisonment range that retroactive amendments to the Guidelines have reduced. See 18 U.S.C. § 3582(c)(2). Amendment 706 did not alter Berry's base offense level because he was held responsible for 16 kilograms of crack cocaine. See Jones, 548 F.3d at 1369. Berry's arguments concerning the mandatory application of § 1B1.10 do not affect this conclusion. Berry suggests that the district court had the discretion not to follow § 1B1.10's instruction that a reduction is inconsistent with the Commission's policies, and, therefore, should not be made, if Amendment 706 does not actually lower the applicable guideline imprisonment range. However, the controlling statute, § 3582(c)(2), which Berry does not argue is advisory, itself instructs that the reduction is limited to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

4

Commission." 18 U.S.C. § 3582(c)(2). Given that Amendment 706 did not lower

his base offense level, Berry was not sentenced to a range that was subsequently

lowered, as required by the controlling statute. Likewise, Berry's arguments

concerning the application of the statutory mandatory minimum do not alter the

conclusion that he was not eligible for a reduction, as the existence of a statutory

mandatory minimum merely was an alternative reason to deny Berry's

§ 3582(c)(2) motion.[1] Accordingly, we affirm.

**AFFIRMED.**

---

[1] To the extent that Berry suggests that Booker gave the district court authority to re-open his sentencing proceedings, his argument is without merit. See Moreno v. United States, 421 F.3d 1217 (11th Cir. 2007) (holding that, when the defendant was denied a § 3582(c)(2) reduction pursuant to an Amendment, Booker could not serve as the sole basis to re-open proceedings pursuant to § 3582(c)); United States v. Jones, 548 F.3d 1366 (11th Cir. 2008) (holding that the district court correctly concluded that it lacked authority to reduce the defendant's sentence because Amendment 706 did not lower the defendant's base offense level and because Booker was not a retroactively applicable amendment to the Guidelines).