[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16382
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00918-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK ELDIRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 12, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Patrick Eldira, through counsel, appeals from the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the U.S. Sentencing Guidelines, which amended the base

offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses. On appeal, Eldira argues that he was eligible for a sentence reduction because, even though he was sentenced a career offender, the controlling precedent, United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009), and cert. denied, __ S. Ct. __ (U.S. Mar. 9, 2009) (No. 08-8554), was wrongly decided. After careful review, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

A district court may not modify a term of imprisonment unless a defendant was sentenced based on a sentencing range that has "subsequently been lowered" by the Sentencing Commission. See 18 U.S.C. §§ 3582(c)(1)(B), (c)(2). Amendment 706, which has been made retroactive, amends the Drug Quantity Table in § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses." Moore, 541 F.3d at 1325. However, if a defendant is a career offender, his base offense level is determined under the career offender guideline in § 4B1.1(b), and not the drug quantity guideline in § 2D1.1(c). 541 F.3d at 1327-28.

For this reason, we held in Moore that Amendment 706 has no effect on the applicable guideline range for defendants who are sentenced under the career offender guideline. Id. at 1330. Moreover, we have held that Booker does not, by itself, permit a district court to impose a § 3582(c)(2) sentence reduction. United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008). We are bound to follow our prior binding precedent "unless and until it is overruled by this [C]ourt en banc or by the Supreme Court." United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotations omitted).

Eldira's argument that Moore was wrongly decided is meritless because Moore has not been overruled by either this Court sitting en banc or the Supreme Court, and, therefore, we remain bound by the Moore decision. See Vega-Castillo, 540 F.3d at 1236. In addition, because Eldira is ineligible for a § 3582 sentence reduction, Booker cannot be applied, on its own, to permit such a reduction to take place. See Jones, 548 F.3d at 1369. Accordingly, we affirm.

**AFFIRMED.**