[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10469
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00066-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH FRANCIS COLLINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 26, 2009)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Kenneth Francis Collins, a federal prisoner who was convicted of a crack

cocaine offense, appeals *pro se* the denial of his motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Collins's § 3582(c)(2) motion was based on Amendment 706 to the U.S. Sentencing Guidelines, which reduced the base offense level applicable to crack cocaine offenses involving fewer than 4.5 kilograms of cocaine. On appeal, Collins asserts that the district court held him accountable for at least 1.5 kilograms of crack cocaine, but did not make a specific finding that more than 4.5 kilograms were involved. Thus, Collins argues that the court erred by denying him a sentence reduction pursuant to Amendment 706.

In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Guidelines. *United States v. Moore,* 541 F.3d 1323, 1326 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 1601 (2009). We review the district court's decision to deny a sentence reduction for an abuse of discretion. *United States v. Jones*, 548 F.3d 1366, 1368 n.1 (11th Cir. 2008) (per curiam), *cert. denied*, 129 S. Ct. 1657 (2009).

A court may not modify a term of imprisonment once it has been imposed except "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). The applicable policy statement provides that if a defendant's

guideline range "has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in [§ 1B1.10(c)], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)," and "any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1) (2008).

"Under Amendment 706, the guidelines now provide a base offense level of 36 for defendants who are responsible for at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine. However, a base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more." *Jones*, 548 F.3d at 1369 (citations omitted).

At sentencing, the district court acknowledged that the trial evidence established that Collins was accountable for a quantity of drugs corresponding to base offense level 38. Because Collins's base offense level was calculated in the presentence investigation report based on a total of more than 4.5 kilograms of cocaine base, his base offense level remains unchanged by Amendment 706. Accordingly, we conclude that the district court did not abuse its discretion by denying Collins a sentence reduction pursuant to § 3582(c)(2).

**AFFIRMED.**