[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-17126
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00326-CR-LSC-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD SMITH, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 29, 2009)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Gerald Smith, proceeding pro se, appeals from the district court's denial of his

motion for a sentence reduction, filed pursuant to 18 U.S.C. § 3582(c)(2), and based

on Amendment 706 to the United States Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine offenses. On appeal, Smith acknowledges that he was sentenced as a career offender under U.S.S.G. § 4B1.1, but contends that he was nevertheless eligible for a sentence reduction in light of Amendment 706. After careful review, we affirm.

"In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines" as well as all "questions of statutory interpretation." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009), and cert. denied, 129 S. Ct. 1601 (2009) (quotation marks and citations omitted).

Under § 3582(c)(2), a district court may reduce the sentence of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In Moore, we held that, if the defendant was sentenced as a career offender under § 4B1.1 and the range was not affected by U.S.S.G. § 2D1.1, then his sentence is not "based on a sentencing range that has subsequently been lowered." 541 F.3d at 1327-28. We have also held that a defendant is not entitled to a § 3582(c)(2)

reduction by virtue of the advisory nature of the guidelines. <u>United States v. Jones</u>, 548 F.3d 1366, 1369 (11th Cir. 2008), <u>cert. denied</u>, 129 S. Ct. 1657 (2009).

There is no merit to Smith's argument that the district court incorrectly determined that it was not authorized to reduce Smith's sentence. First, just as in <u>Moore</u>, Smith's sentencing range was determined by his career-offender status under U.S.S.G. § 4B1.1, and his crack cocaine base offense level played no role in his ultimate sentence. Thus, Smith was not sentenced under the otherwise applicable base offense level set forth in U.S.S.G. § 2D1.1, and he is ineligible for relief under Amendment 706. <u>See</u> <u>Moore</u>, 541 F.3d at 1327-28, 1330; U.S.S.G. § 1B1.10, comment. (n.1(A)) (prohibiting reduction where "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline"). Second, the district court did not have authority to reduce Smith's sentence by virtue of the advisory nature of the guidelines. <u>Jones</u>, 548 F.3d at 1369. Third, because Smith's guideline range did not change, the court was not required to consider the § 3553(a) sentencing factors. <u>See</u> <u>United States v. Webb</u>, __ F.3d __, No. 08-13405, manuscript op. at 6 (11th Cir. Apr. 13, 2009) ("Given that [defendant's] sentencing range did not change, the district court correctly recognized that it had no authority under § 3582(c)(2) to reduce his sentence and that it did not need to examine the 18 U.S.C. § 3553(a) factors."). Finally, to the extent Smith

contends that his sentence was unreasonable, his argument is outside the scope of the present § 3582 proceeding. See 18 U.S.C. § 3582(c)(2) (limiting proceedings under this statute to cases where a retroactive amendment affects the applicable guideline range).

**AFFIRMED.**