[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14806
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 96-00085-CR-3-RV/MD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMAL GEW,
a.k.a. Eric Jamal Thomas,
a.k.a. James Joseph,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 2, 2009)

Before EDMONDSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Jamal Gew, a <u>pro se</u> federal prisoner convicted of crack cocaine offenses, appeals the denial of his motion to reduce his 364-month sentence, 18 U.S.C. § 3582(c)(2). No reversible error has been shown; we affirm.

In his section 3582(c)(2) motion, Gew contended that he qualified for a reduction under Amendment 706 to the Sentencing Guidelines, which retroactively reduced, by two, the base offense levels applicable to crack cocaine offenses calculated pursuant to the drug quantity table in U.S.S.G. § 2D1.1(c).[1] The district court determined that Amendment 706 did not lower Gew's guidelines range and denied his section 3582(c)(2) motion.

We review <u>de novo</u> the district court's legal conclusions and questions of statutory interpretation in a section 3582(c)(2) proceeding. <u>United States v. Moore</u>, 541 F.3d 1323, 1326 (11th Cir. 2008), <u>cert. denied</u>, <u>McFadden v. United States</u>, 129 S.Ct. 965 (2009), <u>and</u> <u>cert. denied</u>, (U.S. Mar. 9, 2009) (No. 08-8554). On appeal, Gew maintains that Amendment 706 applies to him and argues that the district court previously did not determine the exact drug quantity attributable to him, only that it was more than the 1.5 kilograms of crack cocaine necessary to qualify him for the highest base offense level of 38.

When a sentencing guideline is amended and given retroactive effect, the

---

[1]<u>See</u> U.S.S.G. App. C, Amends. 706, 713 (2008); U.S.S.G. § 1B1.10(c).

district court, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," may reduce a previous sentence under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, not authorized under section 3582(c)(2) -- if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

Gew originally received the highest base offense level of 38 under section 2D1.1(c), which corresponded to distribution of more than 1.5 kilograms of crack cocaine.  This level was based on the district court's finding that Gew was responsible for just under seven kilograms of crack cocaine.  While Gew raised objections to the drug quantity at sentencing (mostly about which alleged co-conspirators' acts were attributable to him), he did not challenge the district court's ultimate drug-quantity determination on direct appeal.

After Amendment 706, a base offense level of 38 corresponds to distribution of 4.5 kilograms or more of crack cocaine.  So, because Gew was held accountable for just under seven kilograms of crack cocaine, Amendment 706 does not have the effect of lowering his guidelines range; and the district court committed no error in denying his section 3582(c)(2) motion.  See United States v. Jones, 548 F.3d 1366,

3

1369 (11th Cir. 2008) (explaining that "a base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more" of crack cocaine). Gew's argument that the court determined only that he met the threshold of 1.5 kilograms of crack cocaine to qualify him for a base offense level of 38 plainly is belied by the record: the sentencing court stated that, even in discounting the drug quantities of certain co-conspirators, Gew still was responsible for just under seven kilograms of crack cocaine.

Gew also argues that the district court did not explain sufficiently its reasons for denying his section 3582(c)(2) motion, including failing to say whether it considered the section 3553(a) factors. But because Gew was ineligible for a sentence reduction, the district court was not required to consider the section 3553(a) factors. See United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000) (record must demonstrate that district court considered section 3553(a) factors only if district court first determines that offense level should be amended).[2]

AFFIRMED.

---

[2]While the district court failed to explain how it determined that Amendment 706 had no effect on Gew's sentencing range, the parties assume the denial was based on the quantity of crack cocaine involved; and this reason has support in the record. See United States v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996) (permitting affirmance on any ground with support in the record).