[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15478
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 91-00111-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES W. SAGET,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 4, 2009)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

James Willis Saget, proceeding *pro se*, appeals the district court's denial of

his *pro se* motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706.

In 1991, a jury convicted Saget of one count of conspiracy to possess with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a) and 846. The district court attributed 10 kilograms of cocaine base to Saget, giving him a total offense level of 40. Along with a criminal history category of I, Saget's guideline range was 292 to 365 months. The district court sentenced him to 330 months imprisonment.

Thereafter, Amendment 505 to the U.S. Sentencing Guidelines, effective November 1, 1994, altered the upper limit of the Drug Quantity Table in Guidelines § 2D1.1(c) to provide a two-level reduction in the base offense levels for particular crack cocaine offenses, specifically changing the base offense level for 1.5 kilograms or more of cocaine base to 38. *See* U.S. SENTENCING GUIDELINES MANUAL app. C, Amend. 505 (Nov. 1, 1994). In response, Saget filed a § 3582(c)(2), requesting the district court to reduce his base offense level to 38 and resentence him pursuant to a Guidelines range of 235 to 293 months. The district court denied the motion. On November 1, 2007, Amendment 706 to the U.S. Sentencing Guidelines reduced the base offense level for particular crack cocaine offenses under Guideline § 2D1.1, specifically lowering the base offense

level from 38 to 36 for defendants responsible for between 1.5 and less than 4.5 kilograms of cocaine base but leaving the base offense level at 38 for defendants responsible for more than 4.5 kilograms of cocaine base.[1]  *See* U.S. SENTENCING GUIDELINES MANUAL app. C, Amend. 706 (Nov. 1, 2007).  In response, Saget filed the instant § 3582(c)(2), requesting that the district court reduce his base offense level to 38 and resentence him pursuant to a Guidelines range of 235 to 293 months.  On September 9, 2008, the district court denied the motion, reasoning that Amendment 706 did not apply to Saget because his offense involved more than 4.5 kilograms of cocaine base.  This appeal followed.

On appeal, Saget argues that his original Guideline offense level of 40 is 2 levels above the new maximum offense level of 38 established by Amendment 706.  Saget asserts that while he had over 4.5 kilograms of crack cocaine, his offense level was 40, not 38, and the district court erred by finding Amendment 706 did not apply to him.  In addition, he also challenges the original sentencing court's determination of the amount of cocaine attributed to him and argues that the district court had the discretion to impose a non-Guidelines sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005).  Last, he asserts that the district court failed to follow the two-step process dictated by § 3582 of (1) calculating the

---

[1] Both Amendments 505 and 706 were made retroactively applicable.  U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c).

amended guideline range and (2) determining whether to impose the newly calculated sentence before dismissing his motion, and argues that his sentence did not comport with the § 3553(a) factors.

We review "*de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008) (per curiam), *cert. denied*, 129 S. Ct. 1657 (2009) (citation omitted). A district court may modify a term of imprisonment "in the case of a defendant who [was] sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2). However, when determining whether to modify a defendant's sentence pursuant to § 3582(c)(2), "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (citation omitted). Furthermore, *Booker* does not give a district court jurisdiction to resentence a defendant in a § 3582(c)(2) proceeding. *See Jones*, 548 F.3d at 1369; *see also United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam) ("*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, *Booker* is inapplicable to § 3582(c)(2) motions.").

4

The district court did not err in determining that Amendment 706 did not apply here. Saget's Guidelines range was not lowered as a result of Amendment 706, given that he was held accountable for more than 4.5 kilograms of crack cocaine and Amendment 706 changed only the drug weight required to reach an offense level of 38. Amendment 706 lowered the base offense level for defendants responsible for less than 4.5 kilograms of cocaine base and the district court attributed 10 kilograms to Saget. As such, Amendment 706 did not his change offense level. While the application of Amendment 505 could have changed his Guidelines range from 40 to 38, the district court previously denied that motion and that decision is not before us. Moreover, Saget based his instant § 3582(c)(2) motion on Amendment 706, not Amendment 505. Furthermore, the district court could not redetermine the drug quantity applicable to Saget, *see Bravo*, 203 F.3d 781, and *Booker* did not give it the authority to resentence him, *see Jones*, 548 F.3d at 1369. Therefore, the district court properly denied the § 3582(c)(2) motion.

**AFFIRMED.**