[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12859
Non-Argument Calendar

_____

D. C. Docket No. 00-00037-CR-FTM-29-D

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORRIS WILLIAMS,
a.k.a. Twin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 8, 2009)

Before CARNES, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Norris Williams, a federal prisoner convicted of a crack cocaine offense,

appeals the district court's denial of his motion to reduce his sentence.[1] He

contends that he is entitled to a sentence reduction under Amendment 706 to the

sentencing guidelines, which lowered the base offense levels for certain crack

cocaine offenses.

We review de novo a district court's legal conclusions about the scope of its

authority under § 3582(c)(2). See United States v. Moore, 541 F.3d 1323, 1326

(11th Cir. 2008), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009).

We review the denial of a § 3582(c)(2) motion for abuse of discretion. See United

States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005).

Williams contends that he was entitled to a two-level reduction under

Amendment 706. That contention fails because Amendment 706 does not have the

effect of reducing Williams' base offense level. In sentencing Williams, the

district court found him accountable for 4.7 kilograms of crack cocaine. At that

time, the highest base offense level for crack cocaine convictions (level 38) applied

to offenses involving 1.5 kilograms or more of crack cocaine. See U.S.S.G. §

2D1.1(c)(1) (2000). As a result of the Amendment 706, base offense level 38 now

_____

[1] Williams filed two motions to reduce his sentence, and he seeks review of the denial of both motions. Because Williams did not file a notice of appeal for the denial of his second motion, we lack jurisdiction over that motion. See United States v. Cartwright, 413 F.3d 1295, 1299–1300 (11th Cir. 2005). We therefore address only the district court's denial of Williams' first motion to modify his sentence.

2

applies to an offense involving 4.5 kilograms or more of crack cocaine, whereas base offense level 36 applies to an offense involving at least 1.5, but less than 4.5, kilograms of crack cocaine. U.S.S.G. § 2D1.1(c)(1), (2). Because Williams was found responsible for over 4.5 kilograms of crack cocaine, his base offense level is the same after Amendment 706. It is still level 38. Therefore, Williams was ineligible for a sentence reduction under Amendment 706 and the district court properly denied his § 3582 motion. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding that the defendant was ineligible for a sentence reduction under Amendment 706 because more than 4.5 kilograms of crack cocaine were attributed to him).

**AFFIRMED.**