[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2009
THOMAS K. KAHN
CLERK

No. 08-15822
Non-Argument Calendar

_____

D. C. Docket No. 91-00146-CR-ORL-19-GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES A. WHEELER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 11, 2009)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant James A. Wheeler, a federal prisoner convicted of a crack cocaine

offense, appeals, through counsel, the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 706 to the United States Sentencing Guidlines § 2D1.1. On appeal, Wheeler argues that the district court erred in its application of § 3582(c)(2) because his sentence was greater than the statutory maximum. Wheeler asserts that the jury never made a factual finding regarding drug quantity, and therefore his statutory maximum was 240 months' imprisonment, much less than the 370-month sentence imposed by the district court. Further, he asserts that the drug quantity testimony presented at sentencing was ambiguous, and the rule of lenity requires that this ambiguity be resolved in Wheeler's favor.

Wheeler acknowledges that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), is not applied retroactively, but asserts that the § 3582 proceeding rendered his sentence no longer final. Acknowledging our precedent that prohibits a district court in a § 3582 proceeding from revisiting prior sentencing calculations, Wheeler argues that if his sentence was 240 months, i.e., the statutory maximum in light of *Apprendi*, he would have been eligible for a sentence reduction under Amendment 706. Wheeler asserts that unequal application of § 3582 based on whether a defendant was sentenced before or after *Apprendi* and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d

2

621 (2005), violates due process and equal protection, because the Sentencing Commission intended Amendment 706 to be retroactively beneficial to all offenders. Again acknowledging our contrary precedent, Wheeler argues that advisory guideline ranges are inherently lower than mandatory guideline ranges. Finally, he argues that his sentence was greater than necessary for the purposes of sentencing, and he has rehabilitated himself while in prison.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 1657 (2009). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). However, when the district court is determining whether to modify a defendant's sentence pursuant to § 3582(c)(2), "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in the original).

Amendment 706 to the Sentencing Guidelines reduced base offense levels for crack cocaine offenses. *Jones*, 548 F.3d at 1368. "Under Amendment 706, the

3

guidelines now provide a base offense level of 36 for defendants who are responsible for at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine. However, a base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more." *Id.* at 1369 (citations omitted). Thus, if a defendant is responsible for at least 4.5 kilograms of crack cocaine, Amendment 706 does not reduce his applicable guideline range, and he is ineligible for a sentence reduction under § 3582(c)(2). *Id.* The Supreme Court's *Booker* decision does not provide an independent basis for § 3582 relief, and the transition from mandatory to advisory guidelines does not grant a district court jurisdiction to reduce a defendant's sentence. *Id.*

In our view, Wheeler's guideline range did not change because he was held accountable for more than 4.5 kilograms of crack. Therefore, we conclude that the district court correctly determined that it lacked jurisdiction to reduce Wheeler's sentence. Section 3582(c) does not provide that a previously imposed sentence is not final, particularly when the district court lacks jurisdiction to reduce the sentence pursuant to § 3582. We also conclude that Wheeler's claims that (1) the drug quantity testimony at sentencing was ambiguous; (2) he was sentenced over the statutory maximum because the jury made no finding regarding drug quantity; and (3) his sentence was greater than necessary are barred because the district court

4

is not permitted to revisit determinations from the original sentence imposed. *Bravo*, 203 F.3d at 781. Because *Apprendi* is not applied retroactively and *Booker* does not apply in the § 3582 context, there is no equal protection or due process violation by not applying those cases to Wheeler. S*ee Varela v. United States*, 400 F.3d 864, 867–68 (11th Cir. 2005) (holding in the § 2255 context that *Apprendi* and *Booker* do not apply retroactively). Moreover, the transition from mandatory to advisory guidelines did not grant the district court jurisdiction to reduce Wheeler's sentence. *Jones*, 548 F.3d at 1369. Finally, Wheeler's argument that his post-sentencing rehabilitation entitles him to a reduced sentence incorrectly assumes that the district court had jurisdiction to reduce his sentence.

For the above-stated reasons, we affirm the district court's order denying Wheeler's motion for reduction of sentence.

**AFFIRMED.**