[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2009
THOMAS K. KAHN
CLERK

No. 08-13343
Non-Argument Calendar

_____

D. C. Docket No. 01-06075-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COURTNEY WHEAT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 7, 2009)

Before DUBINA, Chief Judge, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Courtney Wheat appeals *pro se* the district court's denial of his

motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706. When Wheat was originally sentenced, he was classified as a career offender. On appeal in this case, Wheat argues that the district court erred by failing to consider the 18 U.S.C. § 3553(a) factors to determine the appropriate sentence to impose and did not address whether the sentence was greater than necessary. Further, he asserts that the district court failed to consider his post-conviction rehabilitation, as required by U.S.S.G. § 1B1.10(b).

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 1657 (2009). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines reduced base offense levels for crack cocaine offenses. *Jones*, 548 F.3d at 1368. If the district court sentences the defendant as a career offender under U.S.S.G. § 4B1.1 and the sentencing range is not affected by U.S.S.G. § 2D1.1, then the sentence is not "based on a sentencing range that has subsequently been lowered." *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 1601 (2009) (quoting 18 U.S.C. §

3582(c)). When the base offense levels under § 2D1.1 play no role in the calculation of the career offender range for the defendant, even though Amendment 706 is retroactive, the district court is not authorized to reduce the sentence. *Id.* at 1330.

After reviewing the record, we conclude that the district court correctly determined that it lacked jurisdiction to reduce Wheat's sentence because it sentenced Wheat as a career offender, and therefore his guideline range was not changed by Amendment 706. Wheat's argument that the district court failed to consider the sentencing factors or his post-sentencing rehabilitation incorrectly assumes that the district court had jurisdiction to reduce his sentence. Accordingly, we affirm the district court's order denying Wheat's motion to reduce his sentence.

**AFFIRMED.**