[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2009
THOMAS K. KAHN
CLERK

No. 09-11875
Non-Argument Calendar
_____

D. C. Docket No. 98-00049-CR03-RV-MD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNEST SOLOMON HICKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 10, 2009)

Before DUBINA, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Ernest Solomon Hicks appeals the district court's denial of his

motion for a sentence reduction, filed pursuant to 18 U.S.C. § 3582(c)(2). Hicks's

§ 3582(c)(2) motion was based on Amendment 706 to the United States

Sentencing Guidelines, which reduced base offense levels applicable to crack

cocaine offenses. On appeal, Hicks argues that *United States v. Booker*, 543 U.S.

220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and *Kimbrough v. United States*,

552 U.S. 85, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007), authorize a district court, in

a § 3582(c)(2) proceeding, to (1) reduce the defendant's offense level by more than

two levels, and (2) reduce the sentence of a career offender. He acknowledges that

his argument is foreclosed by precedent, including *United States v. Moore*, 541

F.3d 1323 (11th Cir. 2008), *cert. denied*, *McFadden v. United States*, 129 S. Ct.

965 (2009), and *cert. denied*, 129 S. Ct. 1601 (2009), and *United States v. Melvin*,

556 F.3d 1190 (11th Cir.), *cert. denied*, 129 S. Ct. 2382 (2009). However, he

contends that *Moore* and *Melvin* were wrongly decided and explains that he

brought this appeal to preserve his arguments for the future.

"In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal

conclusions regarding the scope of its authority under the Sentencing Guidelines"

as well as all "questions of statutory interpretation." *Moore*, 541 F.3d at 1326

(quotation marks and citations omitted).

Under § 3582(c)(2), a district court may reduce the sentence of a defendant

2

who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).

In *Moore*, we held that, if the defendant was sentenced as a career offender under U.S.S.G. § 4B1.1 and the range was not affected by U.S.S.G. § 2D1.1, then his sentence is not "based on a sentencing range that has subsequently been lowered."  541 F.3d at 1327-28.  In *Melvin*, we rejected the argument that *Booker* and *Kimbrough* prohibit limitations on a judge's discretion in a § 3582(c)(2) proceeding.   556 F.3d at 1192.  We have also held that a defendant is not entitled to a § 3582(c)(2) reduction by virtue of the advisory nature of the guidelines. *United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008), *cert denied*, 129 S. Ct. 1657 (2009).

As Hicks acknowledges, his arguments are foreclosed by binding precedent. Accordingly, we affirm the district court's order denying Hicks's § 3582(c)(2) motion.

**AFFIRMED.**