[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13316
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-14006-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 11, 2009)

Before TJOFLAT, EDMONDSON and HULL, Circuit Judges.

PER CURIAM:

Michael Brown, a federal prisoner convicted of crack cocaine offenses,

appeals pro se the district court's denial of his motion for a reduced sentence filed pursuant to 18 U.S.C. § 3582(c)(2).  After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . ."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  Moore, 541 F.3d at 1330; see also U.S.S.G. § 1B1.10(a)(2)(B).  A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision . . . ."  U.S.S.G. § 1B1.10 cmt. n.1(A).

Brown's § 3582(c)(2) motion was based on Amendment 706 to the Guidelines, which reduced base offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses.  See U.S.S.G. App. C, amends. 706, 713.  However, as a career offender, Brown's offense level was based on U.S.S.G. § 4B1.1, not on

_____

[1]"In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines."  United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotation marks omitted), cert. denied, 129 S. Ct. 965 (2009), and 129 S. Ct. 1601 (2009).

2

U.S.S.G. § 2D1.1(c). This Court concluded in United States v. Moore that a crack cocaine defendant, like Brown, who was sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible for a § 3582(c)(2) sentence reduction. 541 F.3d at 1327-29.

Brown's argument that he is eligible for a § 3582(c)(2) reduction based on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007), is foreclosed by our precedent. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (concluding that "Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), cert. denied, 129 S. Ct. 2382 (2009); United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (concluding that Booker does not provide a basis on which to grant a § 3583(c)(2) motion), cert. denied, 129 S. Ct. 1657 (2009).

Thus, the district court did not have the authority to reduce Brown's sentence and properly denied Brown's § 3582(c)(2) motion.

**AFFIRMED.**