[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16927
Non-Argument Calendar

_____

D. C. Docket No. 99-10030-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 7, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Marvin Smith, a federal prisoner convicted of a crack cocaine offense, appeals the denial of his motion for a sentence reduction, 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines. The district court determined that Smith was ineligible for relief under Amendment 706 because he had been sentenced as a career offender. No reversible error has been shown; we affirm.

On appeal, Smith argues that, despite his career offender status, he was eligible for a sentence reduction under Amendment 706 because -- after United States v. Booker, 125 S.Ct. 738 (2005) -- the advisory nature of the guidelines gave the court discretion to lower his sentence. We review de novo the district court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c). But a defendant who is sentenced pursuant to the career offender guideline, U.S.S.G. § 4B1.1, is ineligible for a sentence reduction under Amendment 706. United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008),

cert. denied, <u>McFadden v. United States</u>, 129 S.Ct. 965 (2009), <u>and</u> <u>cert. denied</u>, 129 S.Ct. 1601 (2009) (concluding that the district court had no authority to reduce the sentence of a defendant who was sentenced as a career offender). So here, the district court committed no error in denying Smith's section 3582(c)(2) motion given that he was sentenced based on the offense level for the career offender guideline instead of the offense level for drug quantity.

While Smith argues that <u>Moore</u> was decided incorrectly, neither this Court sitting <u>en</u> <u>banc</u> nor the Supreme Court has overruled it. <u>See</u> <u>United States v. Vega-Castillo</u>, 540 F.3d 1235, 1236 (11th Cir. 2008), <u>petition for cert. filed</u> (U.S. Feb. 10, 2009) (No. 08-8655) (explaining that we are bound to follow our prior precedent "unless and until it is overruled by this court <u>en</u> <u>banc</u> or by the Supreme Court)." And Smith's argument that <u>Booker</u> allows the district court to reduce his sentence is unavailing. Smith was ineligible for a sentence reduction under Amendment 706; and <u>Booker</u> does not, by itself, permit a court to impose a section 3582(c)(2) sentence reduction. <u>United States v. Jones</u>, 548 F.3d 1366, 1369 (11th Cir. 2008).

AFFIRMED.