[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17131
Non-Argument Calendar

_____

D. C. Docket No. 01-00052-CR-1-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAURUS DESHON BAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 9 2009)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Appellant Taurus Deshon Baker, a federal prisoner convicted of crack-cocaine offenses, appeals the district court's denial of his motion for reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c). No reversible error has been shown; we affirm.

Baker was sentenced to 292 months' imprisonment in May 2002 upon his conviction of multiple count crack-cocaine offenses.[1] At sentencing, Baker was found to be accountable for 18.7 kilograms of cocaine base, which resulted in an offense level of 38 when calculated pursuant to U.S.S.G. § 2D1.1.[2] In Baker's section 3582(c) motion for reduction of sentence, Baker argued that he was due a section 3582(c) reduction based on Amendment 706 of the Sentencing Guidelines, which retroactively reduced by two the base offense levels applicable to crack cocaine offenses calculated pursuant to the drug quantity table in U.S.S.G. §

---

[1]Baker was also convicted of possessing firearms in furtherance of his drug trafficking, in violation of 18 U.S.C. § 924, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § § 922(g)(1) and 924(a)(2); he received a 60-year consecutive sentence on the drug-trafficking-firearms count.

[2]The district court's drug weight calculation attributable to Baker was affirmed on direct appeal.

2D1.1(c).[3]  The district court denied Baker's motion: Baker was due no reduction because he was found responsible at sentencing for more than 4.5 kilograms of cocain base.  We agree.

When a sentencing guideline is amended and given retroactive effect, the district court is authorized to grant a sentence reduction "if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  A reduction is not consistent with applicable policy statements and is not authorized under section 3582(c)(2) if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

At his May 2002 sentencing, Baker received a base offense level of 38, the highest base offense level under section 2D1.1(c) and the offense level applicable to more than 1.5 kilograms of crack.  The highest base level under section 2D1.1(c) after application of Amendment 706 is also 38, and that highest level applies when the defendant is held accountable for 4.5 kilograms or more of crack cocaine.  Because Baker was held accountable for more than 18 kilograms of cocaine base, Baker's offense level and guideline range were unchanged by Amendment 706.

_____

[3]Amendment 706 revised U.S.S.G. § 2D1.1 by reducing by two levels the offense levels applicable to crack-cocaine offenses.  Subject to technical changes effected by Amendment 711, Amendment 706 was made retroactive as of 3 March 2008 by Amendment 713.

The district court had no authority to reduce Baker's sentence and committed no error in denying his section 3582(c)(2) motion. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (explaining that "a base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more" of crack cocaine).

Baker's Booker-based argument, United States v. Booker, 125 S.Ct. 738 (2005), is without merit, see United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir.), cert. denied, (U.S. May 18, 2009)(No. 08-8664) (concluding that Booker has no application to motions to reduce sentence under section 3582(c)(2)); and the district court committed no error when it denied Baker's motion for appointment of counsel. See United States v. Webb, 565 F.3d 789, 794-95 (11th Cir. 2009) (no statutory or constitutional right to counsel for a section 3582(c)(2) motion or hearing).

AFFIRMED.