[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15158
Non-Argument Calendar

_____

D. C. Docket No. 89-00031-CR-25-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH LOVETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 20, 2009)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Joseph Lovett appeals the district court's denial of his motion for a reduction

of sentence, pursuant to 18 U.S.C. § 3582(c)(2). He was originally convicted of conspiring to possess with intent to distribute cocaine hydrochloride, cocaine base, marijuana, and heroin, in violation of 18 U.S.C. § 846.

Lovett contends that the pre-sentence investigation report ("PSR") at his original sentencing stated that he was responsible for "more than 500 grams but less than 1.5 kilograms" of cocaine base. He argues that the district court adopted the PSR, and, as a result, he is entitled to a sentence reduction. Lovett is wrong. The PSR did not recommend that he be found responsible for less than 1.5 kilograms of cocaine base. Instead, it recommended that he be found responsible for 16 kilograms of cocaine base. He objected to that part of the PSR, but the district court overruled his objection, and adopted the recommendation as its finding.

The district court's finding of 16 kilograms of cocaine base is not subject to review in this § 3582(c)(2) proceeding. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) ("[A]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing.") (emphasis in the original). "Under Amendment 706, the guidelines now provide a base offense level of 36 for defendants who are responsible for at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine."

2

United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008). "However, a base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more." Id. Thus, Amendment 706 does not reduce the applicable guideline range for a defendant, like Lovett, who was found responsible for at least 4.5 kilograms of crack cocaine. Id. As the district court correctly determined, Amendment 715 does not effect a reduction in the guidelines range for that category of defendants either. See U.S.S.G. § 2D1.1 cmt. (n.10(D)(ii)(I)).

Lovett also contends that the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 95, 128 S.Ct. 558 (2007), provides a basis for reducing his sentence independent of Amendments 706 and 715. We have held, however, that "Kimbrough do[es] not apply to § 3582(c)(2) proceedings." United States v. Melvin, 556 F.3d 1190 (11th Cir.), cert. denied, 129 S.Ct. 2382 (2009). Stated another way, if a defendant is ineligible for a sentence reduction under § 3582(c)(2), the Supreme Court's Booker line of decisions does not provide a way to get around that ineligibility. Jones, 548 F.3d at 1369.

The district court correctly denied Lovett's § 3582(c)(2) motion.

**AFFIRMED.**

3