[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13298
Non-Argument Calendar

_____

D. C. Docket No. 94-00149-CR-J-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARYL ALLEN JONES,
a.k.a. Edward Randolph Jones,
a.k.a. Anthony Martin,
a.k.a. Edward Randolph,
a.k.a. D.J.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 19, 2008)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Daryl Allen Jones appeals the district court's judgment denying him relief under 18 U.S.C. § 3582(c)(2). The district court concluded that Jones was ineligible for a reduction of his sentence under § 3582(c)(2) because Amendment 706 to the Sentencing Guidelines did not lower his base offense level given the quantity of crack cocaine for which he was responsible.

We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (citing United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002)).[1] Section 3582(c)(2) allows courts to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

In November 2007 the Sentencing Commission promulgated Amendment 706, which reduced base offense levels under the sentencing guidelines for crack cocaine offenses. U.S.S.G. App. C, Amend. 706 (Supp. 2007); Moore, 541 F.3d at 1325. Later, Amendment 713 made 706 retroactively applicable. See U.S.S.G.

_____

[1] Once it is established that 18 U.S.C. § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 n.3 (11th Cir. 1998); see also White, 305 F.3d at 1267.

App. C, Amend. 713 (Supp. May 1, 2008). Moore, 541 F.3d at 1325.

Amendments 713 and 706 have generated a large number of appeals from federal

prisoners who were sentenced under the earlier, harsher guidelines for crack

cocaine, but who allege that their applicable sentence range was lowered by the

retroactive application of Amendment 706. See, e.g., Moore, 541 F.3d at 1325–26;

United States v. Thomas, No. 08-11492, 2008 WL 4659359 (11th Cir. Oct. 23,

2008); United States v. James, No. 08-12067, 2008 WL 4867909 (11th Cir. Nov.

12, 2008).

In order for § 3582(c)(2) to apply, however, the defendant must have been

sentenced "based on a sentencing range that has subsequently been lowered by the

Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. §

1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not

consistent with this policy statement and therefore is not authorized under 18

U.S.C. § 3582(c)(2) if . . . [A]n amendment [listed as retroactive] does not have the

effect of lowering the defendant's applicable guideline range."); Moore, 541 F.3d

at 1330 (holding that a reduction under § 3582(c)(2) is not authorized when

Amendment 706 had reduced the defendant's base offense level, but did not

change his actual sentence range under the guidelines because he was sentenced as

a recidivist under U.S.S.G. § 4B1.1); United States v. Armstrong, 347 F.3d 905,

3

908 (11th Cir. 2003) (stating that the defendant was ineligible for relief under §

3582(c)(2) where the sentencing amendment concerned the possession of firearms

and did "not apply factually in Armstrong's case" because his sentence had not

been affected by the possession of a firearm); United States v. Bravo, 203 F.3d

778, 780 (11th Cir. 2000) ("[A] district court has discretion to reduce the term of

imprisonment of an already incarcerated defendant when that defendant was

sentenced based on a sentencing range that was subsequently lowered by the

Sentencing Commission.") (emphases added).

In this case, Jones pleaded guilty in 1994 to conspiracy to distribute crack

cocaine in violation of 21 U.S.C. § 846.  The Presentence Investigation Report

attributed more than 50 kilograms of crack cocaine to Jones.  At the sentencing

hearing, his attorney disputed that quantity, arguing that Jones should be

accountable for no more than 12 kilograms.  The district court declined to resolve

that dispute because the 1994 sentencing guidelines provided a base offense level

of 38 for defendants responsible for 1.5 kilograms or more of crack cocaine.  See

U.S.S.G. § 2D1.1(c)(1) (1994).  Therefore, whether Jones was responsible for 12

kilograms or 50 kilograms of crack cocaine made no difference in his base offense

level.

Under Amendment 706, the guidelines now provide a base offense level of

4

36 for defendants who are responsible for at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine. See U.S.S.G. § 2D1.1(c)(2). However, a base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more. U.S.S.G. § 2D1.1(c)(1). Accordingly, the distinction between 12 and 50 kilograms of crack cocaine that did not matter in 1994 still does not matter in 2008, and the base offense level for that quantity range has not decreased. Even if Jones were accountable for only 12 kilograms of crack cocaine, as his attorney argued at his sentence hearing in 1994, Amendment 706 did not change his applicable base offense level. It is still 38. United States v. Wanton, 525 F.3d 621, 622 (8th Cir. 2008) (affirming denial of § 3582(c)(2) motion that was based on Amendment 706, and holding that "the new amendment does not apply where more than 4.5 kilograms of crack is involved.").

Acknowledging this, Jones nonetheless contends that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), which made the sentencing guidelines advisory, effectively lowered his applicable guidelines range because a particular guidelines range in the post-Booker era is lower than the same range in the pre-Booker era. It is lower, Jones argues, because it is only advisory and the sentencing court may impose a lesser sentence than the range indicates. To begin with, one could say that the same guidelines range is also higher than before

Booker because now the court can impose a harsher sentence than the range indicates.

Either way, the argument is unconvincing. It is foreclosed by the language of § 3582(c)(2), which allows courts to reduce a sentence only when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." (emphasis added). In United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), we noted that "Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions." See also Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007) ("[T]he Booker decision cannot be the basis for a Section 3582(c)(2) motion to modify a sentence."); United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007) (same).

Because the Sentencing Commission has not lowered the sentencing range applicable to Jones, the district court correctly ruled that it lacked authority to reduce Jones' sentence under 18 U.S.C. § 3582(c)(2).

**AFFIRMED.**