[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12880
Non-Argument Calendar

_____

D. C. Docket No. 91-00033-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALPHONSO JUNIOR JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 30, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Alphonso Junior Jackson appeals the district court's judgment denying him

relief under 18 U.S.C. § 3582(c)(2). Jackson was convicted in 1991 of conspiracy to possess crack cocaine with intent to distribute and possession of crack cocaine with intent to distribute. On February 5, 2008 the district court entered an order directing the United States Probation Office to prepare a memorandum explaining whether Jackson was entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendments 706 and 713 to the Sentencing Guidelines. Jackson also filed a pro se motion for relief under § 3582(c)(2). The district court concluded that Jackson was not eligible for relief under § 3582(c)(2) because Amendment 706 to the Sentencing Guidelines did not lower his guidelines range.

When Jackson was originally sentenced in 1991, the court found that he was responsible for at least 15 kilograms of crack cocaine and assigned him a base offense level of 42. In 1996 Jackson was resentenced because Amendment 505 to the sentencing guidelines lowered his base offense level to 38, and he was sentenced to 265 months imprisonment. Before Amendment 706, the sentencing guidelines provided that any defendant responsible for 1.5 kilograms or more of crack cocaine would be sentenced under base offense level 38. U.S.S.G. § 2D1.1(c)(1) (2006). After Amendment 706, defendants responsible for at least 1.5 kilograms but less than 4.5 kilograms are sentenced under level 36. U.S.S.G. § 2D1.1(c)(2). Defendants responsible for 4.5 kilograms or more of crack cocaine,

2

however, still fall under level 38.  U.S.S.G. § 2D1.1(c)(1).   Because Jackson possessed at least 15 kilograms of crack cocaine, Amendment 706 did not reduce his base offense level of 38 or his guidelines range.

Jackson contends that Amendment 706 lowered his guidelines range because it was enacted after the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).  That argument fails.  See United States v. Jones, No. 08-13298, 2008 WL 4934033, at *2 (11th Cir. Nov. 19, 2008); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission.  Therefore, Booker is inapplicable to § 3582(c)(2) motions.").  We also reject Jackson's policy argument that the Sentencing Commission's decision to leave the base offense level at 38 for crack cocaine quantities of more than 4.5 kilograms is inconsistent with the policies underlying Amendment 706 because policy does not trump plain language.  See Asociacion De Empleados Del Area Canalera v. Panama Canal Com'n, 329 F.3d 1235, 1241 (11th Cir. 2003) ("We cannot agree, however, with an interpretation of § 7121(a)(1) that privileges these policy concerns to the exclusion of the plain language of the statute.").

Because the Sentencing Commission has not lowered the sentencing range

applicable to Jackson, the district court correctly ruled that he was ineligible for

relief under 18 U.S.C. § 3582(c)(2).

**AFFIRMED.**