[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14347
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 11, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00105-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRIMATIVO AVILA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 11, 2009)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Primativo Avila appeals the denial of his motion for a reduced sentence. 18

U.S.C. § 3582(c)(2). Avila's motion was based on Amendment 706 to the Guidelines. We affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

The district court did not err. Amendment 706 did not have the effect of lowering Avila's sentencing range. Avila was held responsible for more than eleven grams of cocaine base and was ineligible for a sentence reduction. See United States v. Jones, 548 F.3d 1366, 1368–69 (11th Cir. 2008) (per curiam). Avila argues that the district court had discretion to reduce his sentence below the amended range under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), but Booker cannot be used as an independent basis to reduce a sentence. See United States v. Melvin, 556 F.3d 1190, 1191–93 (11th Cir. 2009) (per curiam). We affirm the denial of Avila's motion.

**AFFIRMED.**