[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2009
THOMAS K. KAHN
CLERK

No. 09-11204
Non-Argument Calendar
_____

D. C. Docket No. 98-00433-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL BURNEY,
a.k.a. Jimmy,
a.k.a. Burney,
a.k.a. Bean,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 1, 2009)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Darrell Burney, through counsel, appeals the district court's denial of his motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

## I.

In 1999, a jury found Burney and other codefendants guilty of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). In preparing a pre-sentence investigation report ("PSI"), the probation officer conservatively estimated that Burney was responsible for 22.5 kilograms of crack cocaine. As a result, the probation officer determined that Burney had a base offense level of 38 under U.S.S.G. § 2D1.1 because he was accountable for "1.5 kilograms or more" of crack cocaine.[1] This became Burney's total adjusted offense level, as no enhancements or adjustments were applied. The probation officer determined that Burney had a criminal history category of II, which, when combined with his offense level of 38, gave Burney an applicable guideline range of 262-327 months' imprisonment.

Burney raised two objections at sentencing. First, he argued that he was entitled to a minor-role reduction under U.S.S.G. § 3B1.2, but, notably, in

---

[1] The probation officer used this metric because, at the time of sentencing – before the promulgation of Amendment 706 – a defendant received a base offense level of 38 if he was held accountable for 1.5 kilograms or more of crack cocaine. See U.S.S.G. § 2D1.1(c)(1) (1998).

presenting this objection at sentencing, Burney did not reference the probation officer's drug-quantity calculation. The district court rejected Burney's argument, noting, <u>inter alia</u>, that Burney "distributed a substantial amount of cocaine." Second, Burney argued that he was entitled to a downward departure under U.S.S.G. § 4A1.3 based on the over-representation of his criminal history. The district court agreed and granted Burney a one-level downward departure to a criminal history category of I, which gave Burney an applicable guideline range of 235-293 months' imprisonment. The court asked defense counsel if there were any additional objections, and counsel responded that there were not. The district court thereafter adopted the factual findings and guideline calculations in the PSI and sentenced Burney to 235 months' imprisonment. We affirmed Burney's conviction and sentence on direct appeal.

In October 2008, and relying on Amendment 706 to the Guidelines, Burney filed a <u>pro se</u> motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). The district court appointed Burney counsel, who then submitted a memorandum in support of Burney's motion. Counsel, <u>inter alia</u>, implicitly acknowledged that Burney might be ineligible for a sentencing reduction if he had been held accountable for 4.5 kilograms or more of crack cocaine, but he argued that Burney should be held accountable only for 1.5 kilograms or more because the

district court never made a specific drug-quantity finding at sentencing.

The district court denied Burney's motion, concluding that, because he was held accountable for 22.5 kilograms of crack cocaine, his offense level remained 38 and, therefore, Amendment 706 would not reduce his applicable guideline range. This appeal followed.

## II.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Any such reduction must also be consistent with the Commission's applicable policy statements, which similarly provide that a sentencing reduction is not permitted where the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

## III.

The district court correctly concluded that Burney was ineligible for a sentencing reduction because he was held accountable for 4.5 kilograms or more of

crack cocaine and, therefore, Amendment 706 would not affect his offense level of 38 or his applicable guideline range.  See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding that a defendant is ineligible for a sentencing reduction under Amendment 706 where he is held accountable for 4.5 kilograms or more of crack cocaine), cert. denied, 129 S.Ct. 1657 (2009); see also U.S.S.G. § 2D1.1(c)(1) (2008) (providing for a base offense level of 38 where the defendant is held accountable for 4.5 kilograms or more of crack cocaine).

Though Burney is correct that the sentencing court did not expressly make any drug-quantity findings, it did adopt the factual findings of the PSI, which included the finding that Burney was accountable for 22.5 kilograms of crack cocaine.  In addition, Burney did not object to this factual finding at sentencing, thereby admitting it for purposes of sentencing.  See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."). In this respect, Burney counters that he did object to the probation officer's drug-quantity calculation by requesting a minor-role reduction.  However, the most that can be said is that, in rejecting Burney's request for a minor-role reduction, the district court noted that Burney "distributed a substantial amount of cocaine;" Burney himself never referred, let alone objected, to the probation officer's

drug-quantity calculation.

Accordingly, we affirm the district court's denial of Burney's motion for a sentencing reduction.[2]

**AFFIRMED.**

---

[2] Burney's remaining arguments on appeal are entirely without merit.