[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2009
THOMAS K. KAHN
CLERK

No. 08-12672
Non-Argument Calendar

_____

D. C. Docket No. 90-00016-CR-CB-002

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHANIE NODD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 3, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Stephanie Nodd, a pro se federal prisoner convicted of a crack cocaine offense, appeals the denial of her motion to reduce her 360-month sentence, 18 U.S.C. § 3582(c)(2). No reversible error has been shown; we affirm.

Nodd originally was assigned a base offense level of 40, based on her possession of 8 kilograms of crack cocaine. Her guidelines range was life imprisonment. But the district court departed downwardly and imposed a 360-month sentence because Nodd was not as culpable as leaders of the conspiracy who had received life sentences.[1]

Nodd filed her first section 3582(c)(2) motion pursuant to Amendment 505 to the Sentencing Guidelines.[2] The district court acknowledged that Amendment 505 reduced the maximum base offense level in crack cocaine cases to 38 and noted that, with a base offense level of 38, Nodd's guidelines range would be 324 to 405 months. But the court denied the motion, concluding that a sentence reduction was inappropriate in Nodd's case because her original sentence

---

[1]On Nodd's direct appeal, we remanded her case to the district court for resentencing so that the court could make specific findings about the scope of her participation in the conspiracy and the quantity of drugs attributable to her. On remand, the district court again imposed a 360-month sentence.

[2]Amendment 505, which became effective after Nodd was sentenced and is retroactively applicable, reduced the upper limits of the U.S.S.G. § 2D1.1 drug quantity table and capped the base offense level at 38 for a defendant who is accountable for 1.5 kilograms or more of cocaine base. U.S.S.G. App. C, Amend. 505.

represented a substantial departure, both from her original guidelines range and the range calculated under Amendment 505.

In the instant section 3582(c)(2) motion, Nodd sought a sentence reduction pursuant to Amendment 706, which changed the threshold drug quantity for a base offense level of 38 from 1.5 to 4.5 kilograms of crack cocaine. She argued that both Amendments 505 and 706 reduced the maximum base offense level for crack cocaine offenses to 38; so, because her offense level remained at 40, she was entitled to have her base offense level reduced to 38. The district court concluded that Amendment 706 did not apply to Nodd because she had been held accountable for 8 kilograms of crack cocaine, and, thus, the amendment did not lower her guidelines range.

We review de novo the district court's legal conclusions and questions of statutory interpretation in a section 3582(c)(2) proceeding. United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554). On appeal, Nodd repeats her argument that she is entitled to have her base offense level reduced to 38 pursuant to Amendment 706.

When a sentencing guideline is amended and given retroactive effect, the district court, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the

3

extent that they are applicable," may reduce a previous sentence under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, not authorized under section 3582(c)(2) -- if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

After Amendment 706, the maximum base offense level of 38 in crack cocaine cases corresponds to 4.5 kilograms or more of crack cocaine instead of 1.5 kilograms or more. So, because Nodd was held accountable for 8 kilograms of crack cocaine, Amendment 706 does not have the effect of lowering her guidelines range and the district court committed no error in denying her section 3582(c)(2) motion. The applicability of Amendment 706 is driven by drug quantity; the amendment was designed to lower the base offense levels only of those defendants attributed with less than 4.5 kilograms of crack cocaine. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008), cert. denied (U.S. Mar. 23, 2009) (No. 08-8865) (explaining that "a base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more" of crack cocaine).

Nodd takes issue with her base offense level of 40. But Amendment 505,

not Amendment 706, gave Nodd the opportunity to have her base offense level reduced to the current cap of 38. Contrary to Nodd's assertion, Amendment 706 did not affect the base offense level cap of 38 established by Amendment 505; the cap of 38 remained unchanged after Amendment 706. That the district court, in its discretion, chose not to reduce Nodd's sentence under Amendment 505 is unimportant to the resolution of the present appeal.[3]

Nodd also argues that her original sentence incorrectly was calculated because the district court applied the guidelines in effect at the time of sentencing instead of when she committed the offense. She characterizes this as an ex post facto violation that this Court now can correct to prevent manifest injustice. But Nodd's challenges to the original calculation of her sentence are beyond the scope of a section 3582(c)(2) proceeding, and we need not address them. See 18 U.S.C. § 3582(c)(2) (limiting proceedings under this statute to cases where a retroactive amendment affects the applicable guidelines range).

AFFIRMED.

---

[3]In the prior section 3582(c)(2) proceedings, the court did not explicitly change Nodd's base offense level; but the court did acknowledge that Nodd's base offense level would be 38 under the amended guideline.