[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15477
Non-Argument Calendar

_____

D. C. Docket No. 91-00176-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE GREGORY BATTEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 10, 2009)

Before EDMONDSON, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Eddie Gregory Batten, a pro se federal prisoner convicted of a crack cocaine offense, appeals the denial of his motion for a sentence reduction, 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines.[1] No reversible error has been shown; we affirm.

Batten originally received a base offense level of 40 based on the 5 kilograms of crack cocaine attributable to him. With no other sentencing adjustments and a criminal history category of II, Batten's guidelines range was 324 to 405 months' imprisonment. The district court sentenced Batten to 405 months in addition to a consecutive 60-month sentence for a firearm count.

In his section 3582(c)(2) motion, Batten sought to have his base offense level reduced to 38 and to have his sentence reduced pursuant to Amendment 706. But the district court concluded that Amendment 706 did not apply to Batten because his offense involved more than 4.5 kilograms of crack cocaine and denied the section 3582(c)(2) motion.

On appeal, Batten argues that Amendment 706 allowed the district court to lower his base offense level from 40 to 38 because 38 is now the highest base

_____

[1]Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c).

2

offense level and corresponds to the amount of drugs attributable to him. We review de novo the district court's legal conclusions and questions of statutory interpretation in a section 3582(c)(2) proceeding. United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009).

When a sentencing guideline is amended and given retroactive effect, the district court, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," may reduce a previous sentence under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, unauthorized under section 3582(c)(2) -- if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

After Amendment 706, the maximum base offense level of 38 in drug cases corresponds to 4.5 kilograms or more of crack cocaine instead of 1.5 kilograms or more. The applicability of Amendment 706 is driven by drug quantity; the amendment was designed to lower the base offense levels only of those defendants attributed with less than 4.5 kilograms of crack cocaine. See United States v.

3

Jones, 548 F.3d 1366, 1369 (11th Cir. 2008), cert. denied, 129 S.Ct. 1657 (2009) (explaining that "a base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more" of crack cocaine). So, because Batten was held accountable for 5 kilograms of crack cocaine, Amendment 706 was inapplicable to him, and the district court committed no error in denying the section 3582(c)(2) motion.

Batten takes issue with his base offense level of 40, which has been abolished from the drug quantity table since his 1992 sentencing. But Amendment 505 -- not Amendment 706 -- reduced the top-end base offense level for drug crimes from 42 to 38. U.S.S.G. App. C, Amend. 505. Amendment 706 had no affect on the base offense level cap of 38 established by Amendment 505. Thus, Amendment 505 gave Batten the opportunity to have his base offense level reduced to the current cap of 38. In this section 3582(c)(2) proceeding, Batten explicitly sought relief under Amendment 706. As noted, Amendment 706 affords Batten no relief because of the drug quantity attributable to him.[2]

AFFIRMED.

---

[2]And the record indicates that the district court previously denied Batten relief under Amendment 505 over a decade ago. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) (explaining that the law-of-the-case doctrine prevented a defendant from relitigating a sentencing issue already decided at a prior stage in the case).