[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 12, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16608
Non-Argument Calendar

_____

D. C. Docket No. 02-00448-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IBISISA MOLIELK SMITH,
a.k.a. O,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 12, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Ibisisa Molielk Smith, who was convicted of conspiracy to possess with

intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. § 846, appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence based on Amendment 706 to the Sentencing Guidelines. Smith received a base offense level of 38 because he admitted in both his plea agreement and the presentence investigation report that he had purchased and redistributed more than 150 kilograms of powder cocaine and more than 1.5 kilograms of cocaine base. The district court denied Smith's § 3582(c)(2) motion, finding that Amendment 706 did not reduce his base offense level because he was responsible for more than 150 kilograms of powder cocaine.

Smith argues that the PSI did not attribute more than 150 kilograms of powder cocaine or more than 1.5 kilograms of cocaine base to him. He notes that the district court did not make a finding on the record at his sentencing hearing about the quantity of drugs attributable to him. Because the record is not clear about whether he was sentenced based on a quantity of powder cocaine, a quantity of cocaine base, or both, Smith argues that it is impossible for us to conduct a meaningful appellate review. Finally, Smith asserts that there is not enough evidence on the record to hold him accountable for more than 150 kilograms of powder cocaine.

We review "de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008). A district court may modify a term of imprisonment when a defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). When the district court is determining whether to modify a defendant's sentence pursuant to § 3582(c)(2), "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).

Amendment 706 reduced base offense levels for crack cocaine offenses. Jones, 548 F.3d at 1368. "Under Amendment 706, the guidelines now provide a base offense level of 36 for defendants who are responsible for at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine." Id. at 1369. A base offense level of 38 still applies, however, to defendants responsible for 150 kilograms or more of powder cocaine. See U.S.S.G. § 2D1.1(c)(1). So if a defendant is responsible for at least 150 kilograms of powder cocaine, Amendment 706 does not reduce his applicable guideline range and he is ineligible for a sentence reduction under § 3582(c)(2).

Smith admitted in his plea agreement that he had bought and sold more than 150 kilograms of powder cocaine and more than 1.5 kilograms of cocaine base. He also did not object to the PSI, which noted multiple times that Smith had bought and sold more than 150 kilograms of powder cocaine and more than 1.5 kilograms of cocaine base before holding him responsible for those amounts. Facts in the PSI that are not objected to are considered admitted. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Having admitted responsibility for more than 150 kilograms of powder cocaine twice, Smith cannot now argue that the record does not support holding him to his word. The district court did not err in denying Smith's § 3582(c)(2) motion.

**AFFIRMED.**