[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11234
Non-Argument Calendar

_____

D. C. Docket No. 96-00015-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL RODRIGUEZ,
a.k.a. Papo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 19, 2009)

Before BARKETT, MARCUS and ANDERSON , Circuit Judges.

PER CURIAM:

Miguel Rodriguez, through counsel, appeals the district court's denial of his

motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2). Rodriguez argues that the district court erred by denying his motion for a sentence reduction because, even though the presentence investigation report ("PSI") found him responsible for 53 kilograms of cocaine base, he was sentenced based on a broader finding of only 1.5 kilograms or more of cocaine base, so Amendment 706 reduced his guideline range. He also argues that his due process rights were violated, and that Amendment 706 preserves the sentencing disparity between crack cocaine and powder cocaine offenses.

We review "de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008), cert. denied, 129 S.Ct. 1657 (2009). A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a guideline range that the Sentencing Commission subsequently lowered. 18 U.S.C. § 3582(c)(2).

Amendment 706 to the Sentencing Guidelines reduced base offense levels for crack cocaine offenses. Jones, 548 F.3d at 1368. "Under Amendment 706, the guidelines now provide a base offense level of 36 for defendants who are responsible for at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine." Id. at 1369; see also U.S.S.G. § 2D1.1(c)(2). "However, a base offense level of 38

2

still applies to defendants responsible for 4.5 kilograms or more." Jones, 548 F.3d at 1368; see also U.S.S.G. § 2D1.1(c)(1). Thus, if a defendant is responsible for at least 4.5 kilograms of crack cocaine, Amendment 706 does not reduce his applicable guideline range. Jones, 548 F.3d at 1369. A defendant is ineligible for a sentence reduction under § 3582(c)(2) if his guideline range is not reduced by a guideline amendment. Id.

The district court properly denied Rodriguez's motion for relief under § 3582(c)(2) because Amendment 706 did not affect his guideline range. Because the sentencing court held Rodriguez accountable for the conspiracy's estimated distribution of 53 kilograms of cocaine base, he was ineligible for a sentence reduction, pursuant to § 3582(c)(2). Furthermore, the district court's denial of Rodriguez's § 3582(c)(2) motion did not violate his due process rights because the court was required to preserve the original sentencing determinations, and Rodriguez had the opportunity to contest the drug amount at his original sentencing. Lastly, this appeal is not the proper forum to contest the Sentencing Commission's manner of implementing Amendment 706.

**AFFIRMED.**