[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12622
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 89-00074-CR-J-16

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS RICHARD HEWITT,
a.k.a. Dougie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2010)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Douglas Richard Hewitt appeals the denial of his motion for a reduction of sentence. 18 U.S.C. § 3582(c)(2). We affirm.

We review de novo conclusions about the scope of the legal authority of the district court under section 3582(c)(2). United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008).

Amendment 706 to the Sentencing Guidelines reduced base offense levels for crack cocaine offenses. If a defendant was responsible for at least 4.5 kilograms of crack cocaine, Amendment 706 does not reduce his applicable guideline range, and he is ineligible for a sentence reduction under section 3582(c)(2). Jones, 548 F.3d at 1369. The decision of the Supreme Court in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), does not provide an independent basis to reduce his sentence. Jones, 548 F.3d at 1369.

Hewitt was ineligible for a sentence reduction under section 3582(c)(2). Jones, 548 F.3d at 1369. During Hewitt's original sentencing, the district court adopted the finding in the presentence investigation report that Hewitt was responsible for in excess of 5 kilograms of crack cocaine. We affirm the denial of Hewitt's motion for a reduction of sentence.

**AFFIRMED.**