[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2010
JOHN LEY
CLERK

No. 09-15318
Non-Argument Calendar

_____

D. C. Docket No. 03-00073-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON LEE BOSTIC,
a.k.a. Aaron Bostic,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 9, 2010)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Aaron Lee Bostic, proceeding *pro se*, appeals the district court's denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  On appeal, Bostic argues that the district court erred in basing its denial of his motion on the mistaken belief that he had been sentenced as a career offender.  Because he was sentenced using the higher offense level determined by the drug quantity, Bostic argues, he was eligible for a reduction pursuant to Amendment 706 to the Sentencing Guidelines.

We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2).  *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008).  A district court may modify a term of imprisonment based on a guideline imprisonment range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c), provides a two-level reduction in base offense levels for certain crack cocaine offenses.  *United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008).  Specific to this case, a pre-amendment base offense level of 38 is now 36 for defendants who are responsible for at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine.  *Jones*, 548 F.3d at 1369.  However, Amendment 706

2

does not apply to defendants responsible for 4.5 kilograms or more.[1] *Id.* Additionally, defendants sentenced as career offenders under U.S.S.G. § 4B1.1 are ineligible for a reduced sentence under Amendment 706. *Moore*, 541 F.3d at 1330.

Here, the district court erred in denying Bostic's motion to modify his sentence based on its finding that Bostic was sentenced as a career offender. At Bostic's original sentencing hearing, the district court calculated the offense level from both the career offender guideline and the drug quantity guideline and concluded that the career offender range was lower than the drug quantity range. *See* U.S.S.G. § 4B1.1(b) (noting that the career-offender guideline applies if the offense level under § 4B1.1 "is greater than the offense level otherwise applicable"). Furthermore, the court adopted the pre-sentencing investigation report which indicated that the career offender enhanced offense level was not applied because it was lower than the drug quantity offense level. *See id.* Accordingly, we vacate the district court's order and remand the case for further consideration.

**VACATED AND REMANDED.**

---

[1] The government's sole argument on appeal is that Bostic was responsible for 15 kilograms of crack cocaine and therefore Amendment 706 is inapplicable to his case. However, the record below clearly indicates that Bostic is responsible for 1.5 kilograms of crack cocaine, an amount within the required range of Amendment 706.