[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 10, 2010
JOHN LEY
CLERK

No. 08-11822
Non-Argument Calendar

_____

D. C. Docket No. 02-00008-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS M. BROWN, JR.,
a.k.a. Toon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 10, 2010)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Thomas M. Brown, Jr. appeals from the district court's denial of his <u>pro se</u>

motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2). As a federal prisoner serving a term of imprisonment for a crack cocaine offense, Brown's motion was based on Amendment 706 to the Sentencing Guidelines, which together with Amendment 713, retroactively provides for a 2-level reduction to base offense levels applicable to crack-cocaine offenses. The district court denied Brown's motion on the ground that Amendment 706 did not lower the base offense level (and thus the resulting guideline range) upon which his original sentence was based.[1]

At the original sentencing, the district court determined that Brown had a base offense level of 30 under U.S.S.G. § 2D1.1. The court determined that Brown had an offense level of 32 under the Drug Quantity Table in § 2D1.1(c). However, because the court determined that Brown was entitled to a role-reduction, it decreased that offense level by 2 under what is now § 2D1.1(a)(5). See U.S.S.G. § 2D1.1(a)(5) (providing that the "base offense level" shall be the offense level specified in the Drug Quantity Table, "except that if (A) the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and (B) the base offense level under [the Drug Quantity Table] is . . . 32, decrease by 2 levels").[2] Thus, Brown's base

---

[1] "We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008).

[2] This provision was located at U.S.S.G. § 2D1.1(a)(3) at the time of sentencing.

offense level became 30, and the court sentenced him within the resulting guideline range.

Amendment 706 does not affect the guideline range upon which Brown's sentence was based because his base offense level would remain 30. While Amendment 706 would reduce his offense level under the Drug Quantity Table from 32 to 30, that 2-level reduction would negate the 2-level reduction under § 2D1.1(a)(5), as the latter reduction does not apply where the drug-quantity offense level is below 32. Thus, Brown's base offense level would remain 30, and the guideline range upon which his sentence was based would likewise remain unaffected. As a result, the district court lacked authority to grant Brown a sentencing reduction under § 3582(c)(2). See United States v. Jones, 548 F.3d 1366, 1368-69 (11th Cir. 2008). Accordingly, we affirm.

**AFFIRMED.**