[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13696
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:92-cr-00017-WLS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIZELL GEDDIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 22, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Mizell Geddis is a federal prison inmate. On May 27, 1993, after being

found guilty by a jury of conspiring to possess, and possessing, crack cocaine with

intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1) , he received concurrent sentences of 240 months.[1]  On March 17, 2008, he moved the district court to reduce those sentences pursuant to 18 U.S.C. § 3582(c)(2) based on Sentencing Commission amendments to the Guidelines relating to crack cocaine offenses.  The district court denied his motion, and he now appeals.

Geddis argues that the district court erred in denying his motion because it did not calculate the precise amount of cocaine base involved in his offenses and, thus, could not properly have assessed whether the exceptions to Amendment 715 applied.  Had the court revisited his May 27, 1993 sentencing hearing, he contends, and considered the amount of crack cocaine he possessed, the court would have concluded that he was eligible for sentence reduction.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a Guidelines sentence range that has been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Amendment 706, retroactive as of March 3, 2008, provides for a two-level reduction in the base offense level for certain crack cocaine offenses.  U.S.S.G. App. C, Amends. 706, 713.  Amendment 715, retroactive May 1, 2008,

---

[1]  Geddis is serving a total term of 300 months, the crack cocaine offenses accounting for 240 of those months.

provides for a two-level reduction in a defendant's base offense level where offense involved both cocaine base and another controlled substance. App. C, Amends. 715, 716. However, this two-level reduction does not apply (1) if the amount of crack cocaine was greater than 4.5 kilograms or less than 250 milligrams; or (2) if the two-level reduction would result in a combined offense level that is less than the combined offense level that would apply if the offense involved only the other controlled substance. U.S.S.G. § 2D1.1, comment. (n.10(D)(ii)). In Geddis's case, the other controlled substance was powder cocaine, and, as we indicate below, the powder cocaine accounted for the base offense level that yielded the sentences Gaddis wants reduced.

The district court did not err in concluding that Geddis was ineligible for sentence reduction. When calculating Geddis's offense level at sentencing, the probation officer ignored the small quantity of crack cocaine found on Geddis's person when he was arrested and instead calculated the offense level solely on the quantity of powder cocaine attributed to Geddis as a result of the trial testimony.[2]

---

[2] Less than a gram of crack cocaine was found on Gaddis's person when he was arrested. At trial, prosecution witnesses testified that Gaddis made six or seven trips to Florida to purchase powder cocaine, and that on each trip, he bought one or two kilograms of the drug for ultimate distribution in Georgia. The probation officer, and subsequently the district court, held Gaddis accountable for between five and fifteen kilograms of powder cocaine and, after grouping the conspiracy and possession offenses together to determine the base offense level under the Guidelines, fixed his base offense level at 32 pursuant to U.S.S.G. § 2D1.1(a)(3).

Neither Amendment 706 nor Amendment 715 applies to a sentence based solely on powder cocaine. Accordingly, the district court lacked authority to reduce Geddis's sentence. *See United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding that the district court lacked authority to reduce a defendant's sentence where the Sentencing Commission has not lowered the sentencing range applicable to that defendant).

AFFIRMED.