[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11483
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00125-KMM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EFRAIN CASADO,
a.k.a. E-4,
a.k.a. Efro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 26, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Efrain Casado, a federal prisoner proceeding pro se and currently serving a total life sentence for his role in a cocaine distribution conspiracy, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  Casado argues that the district court incorrectly determined that Amendment 782 did not affect his guideline sentencing range.  Casado also maintains that the sentencing court improperly used U.S.S.G. § 2D1.1's murder cross-reference in calculating his offense level and that his total sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  After review,[1] we affirm.

Casado's guideline sentencing range stemmed not from § 2D1.1(c), the now-amended drug quantity table, but from § 2D1.1(d)(1), the murder cross-reference to § 2A1.1.  *See United States v. Baker*, 432 F.3d 1189, 1256 (11th Cir. 2005). Amendment 782 amended neither § 2D1.1(d)(1) nor § 2A1.1.  Therefore, the district court correctly concluded that Casado is ineligible for a sentence reduction under Amendment 782.  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if— [the amendment] does not have the effect of lowering the defendant's applicable guideline range.").

---

[1] We review *de novo* a district court's legal conclusions as to the scope of its authority under § 3582(c)(2).  *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008).

2

We decline to consider Casado's challenges to the sentencing court's original guideline calculations under *Apprendi* and to the substantive reasonableness of Casado's sentence because they are "extraneous resentencing issues" not cognizable in a § 3582(c)(2) proceeding.  *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000).

**AFFIRMED.**