[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14235
Non-Argument Calendar
_____

D.C. Docket No. 1:91-cr-00839-KMM-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNALDO GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 14, 2016)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Arnaldo Gonzalez, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

The district court concluded that Gonzalez was ineligible for a sentence reduction because Amendment 782 to the Sentencing Guidelines did not lower his base offense level.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008). That statute "allows courts to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. (quotation marks omitted). Thus, a defendant is not eligible for a sentence reduction under § 3582(c)(2) if the provisions of an Amendment "would not result in a lower base offense level and guidelines range." United States v. James, 548 F.3d 983, 986 (11th Cir. 2008).

In 1993 Gonzalez pleaded guilty to conspiracy to import cocaine, in violation of 21 U.S.C. § 963, conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C § 846, attempted importation of cocaine, in violation of 21 U.S.C. § 963, and attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846. At sentencing, the district court found that Gonzalez had participated in a 1990 drug-smuggling venture involving 635 kilograms of cocaine as well as a 1991 drug-smuggling venture involving 1,000 kilograms of cocaine. The district court imposed a life sentence. Gonzalez

appealed, arguing only that the district court erred by including the 635 kilogram amount from the 1990 venture as part of the relevant conduct at sentencing.

In 1995 this Court, on motion from the government, remanded Gonzalez's case to the district court for further factfinding as to whether he was involved in the 1990 incident. On remand, the district court resentenced Gonzalez to 324 months imprisonment. The record does not indicate whether the district court found Gonzalez responsible for the 635 kilogram amount involved in the 1990 incident. Applying the 1994 Sentencing Guidelines, however, the district court imposed a base offense level of 38 for an offense involving 150 kilograms or more of powder cocaine. See U.S.S.G. § 2D1.1(c)(1) (1994).

In August 2015 Gonzalez filed this pro se § 3582(c)(2) motion in which he sought relief through Amendment 782, which became effective on November 1, 2014, and was given retroactive effect by the Sentencing Commission. Unfortunately for Gonzalez, that Amendment does not lower his base offense level. Amendment 782 provides that a defendant's base offense level is 38 if his offense involved 450 kilograms or more of powder cocaine. U.S.S.G. App. C, amend. 782. At his original sentencing, the district court found that Gonzalez was responsible for at least 1,000 kilograms of cocaine. Gonzalez never challenged that finding on appeal and he doesn't challenge it now. That amount triggers a base offense level of 38 under both the 1994 and post-Amendment 782 Guidelines.

3

Therefore, Amendment 782 does not lower Gonzalez's guideline range and he is not eligible for a sentence reduction under § 3582(c)(2).

**AFFIRMED.**