[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13278
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20661-PCH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE BONILLA MESA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 2, 2016)

Before HULL, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jorge Bonilla Mesa is a federal prisoner serving a total 240-month sentence for conspiring and attempting to possess with intent to distribute cocaine (Counts 1 and 2), conspiring and attempting to commit Hobbs Act robbery (Counts 3 and 4), and carrying a short-barreled shotgun during and in relation to a crime of violence and drug trafficking crime (Count 5).  Mesa pro se appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his concurrent 120-month sentences on Counts 1 through 4.  On appeal, Mesa argues that he is eligible for a sentence reduction on these four counts based on Amendment 782 to the Sentencing Guidelines.[1]  After review, we affirm.[2]

Under § 3582(c)(2), a district court may reduce a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be consistent with the Sentencing Commission's policy statements.  Id.  A reduction is not consistent with the Sentencing Commission's policy statements and thus is not authorized if the retroactive amendment does not actually lower the defendant's applicable guidelines range "because of the operation of another guideline or statutory

---

[1]Mesa concedes that his § 3582(c)(2) motion based on Amendment 782 did not implicate his mandatory, consecutive 120-month sentence on Count 5, his firearm offense, which was imposed pursuant to 18 U.S.C. § 924(c).

[2]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008).

provision" such as a statutory mandatory minimum prison term.  U.S.S.G.

§ 1B1.10(a)(2)(B) & cmt. n.1(A); United States v. Berry, 701 F.3d 374, 376 (11th

Cir. 2012); United States v. Mills, 613 F.3d 1070, 1077-78 (11th Cir. 2010).

Here, the district court properly denied Mesa's § 3582(c)(2) motion because

Amendment 782 did not actually lower his applicable guidelines range.  At Mesa's

original 2010 sentencing, the district court grouped Counts 1 through 4 together

and, based on 14 kilograms of cocaine attributable to Mesa, calculated a base

offense level was 32, pursuant to U.S.S.G. § 2D1.1(c)(4) (2010).  After several

adjustments, Mesa's total offense level was 31 and his criminal history category

was I, which yielded an advisory guidelines range 108 to 135 months'

imprisonment.  However, Mesa was subject to a ten-year statutory mandatory

minimum on Counts 1 and 2.  See 21 U.S.C. § 841(b)(1)(A)(ii).  Therefore,

pursuant to U.S.S.G. § 5G1.1(c), Mesa's advisory guidelines range became 120 to

135 months, and the district court imposed concurrent 120-month sentences on all

four counts.

In 2014, the Sentencing Commission promulgated Amendment 782, which

reduced by two levels the base offense levels for most drug quantities in U.S.S.G.

§ 2D1.1(c).  See U.S.S.G. app. C, amend. 782.  After Amendment 782, the base

offense level for Mesa's drug quantity of 14 kilograms of cocaine is 30, rather than

32.  See U.S.S.G. § 2D1.1(c)(5) (2015).  Holding all other sentencing

determinations the same, Mesa's total offense level would be 29 and his initial guidelines range would be 87 to 108 months.  See U.S.S.G. ch. 5, pt. A, Sentencing Table.  However, by operation of U.S.S.G. § 5G1.1(b) and the ten-year mandatory minimum in 21 U.S.C. § 841(b)(1)(A)(ii), Mesa's advisory guidelines range would become 120 months.  See U.S.S.G. § 5G1.1(b) (providing that the mandatory minimum sentence is the guidelines sentence when it is greater than the high end of the otherwise applicable guidelines range).  Thus, while Amendment 782 lowered Mesa's base offense level, it did not lower his advisory guidelines range. Accordingly, the district court was not authorized under § 3582(c)(2) to reduce Mesa's sentence.

**AFFIRMED.**