[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11852
Non-Argument Calendar
_____

D.C. Docket No. 1:97-cr-00043-DHB-BKE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY LANIER JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 31, 2016)

Before WILLIAM PRYOR, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Defendant Tony Jackson, proceeding *pro se*, appeals the district court's *sua sponte* denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  After careful review, we affirm.

## I.  BACKGROUND

Following a jury trial in 1998, Defendant was found guilty of conspiring to possess with intent to distribute and distribution of cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 846.  Prior to trial, the Government filed a notice of intent to seek an enhanced penalty pursuant to 21 U.S.C. §§ 846 and 851, based on Defendant's three prior state felony drug convictions.

Applying the 1997 Sentencing Guidelines, the Presentence Investigation Report ("PSR") attributed 12.535 kilograms of cocaine base to Defendant and assigned him a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1) because his offense involved more than 1.5 kilograms of cocaine base.  Defendant received two separate enhancements, which resulted in a total offense level of 44.  Based on a total offense level of 44 and a criminal history category of VI, Defendant's advisory guideline range was life imprisonment.  Pursuant to U.S.S.G. § 5G1.1(c)(2), Defendant was subject to a mandatory term of life imprisonment based on the sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851.  The district court consequently sentenced Defendant to life imprisonment.

2

In 2015, Defendant filed a motion for a sentence reduction pursuant to § 3582(c)(2) and Amendment 782, arguing that Amendment 782 lowered his base offense level by two levels from 38 to 36 and resulted in an amended guideline range of 360 months' to life imprisonment.  Defendant contended that he should receive a sentence reduction greater than the two levels provided for by Amendment 782 because the Guidelines in a § 3582(c)(2) proceeding are advisory under *Kimbrough*[1] and *Booker*[2].

The district court deferred ruling and administratively terminated Defendant's motion because no defendant could be released on the basis of Amendment 782 prior to November 1, 2015.  Shortly thereafter, the district court *sua sponte* considered whether Defendant was eligible for a sentence reduction under § 3582(c)(2).  The district court concluded that Defendant was not eligible for a sentence reduction because Defendant was sentenced to the statutory mandatory minimum of life imprisonment.

Defendant now appeals, arguing that he qualifies for a sentence reduction because Amendment 782 lowered his guideline range from the then-mandatory life sentence to 360 months' to life imprisonment.  He also asserts that the district court

---

[1] *Kimbrough v. United States*, 552 U.S. 85 (2007).

[2] *United States v. Booker*, 543 U.S. 220 (2005).

3

violated *Kimbrough* and *Booker* by treating the Guidelines' provisions pertaining to § 3582(c)(2) motions as mandatory.[3]

## II.  DISCUSSION

We review *de novo* a district court's legal conclusions on the scope of its authority under § 3582(c)(2).  *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008).  Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  To be eligible for a sentence reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).

A defendant is not eligible for a sentence reduction if a guideline amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B).  Stated another way, a reduction is not authorized if the amendment does not lower the defendant's guidelines range because "of the operation of another guideline or statutory provision," such as a statutory mandatory minimum term.  *Id.* § 1B1.10, comment. (n.1(A)).

---

[3]  In his initial brief, Defendant also argued that the district court abused its discretion by failing to provide an explanation for its denial of his § 3582(c)(2) motion.  Because Defendant expressly withdrew that argument in his reply brief, we do not address it further.

Here, the district court did not err by denying Defendant's § 3582(c)(2) motion because Defendant was not eligible for a sentence reduction. Defendant relies on Amendment 782, which is listed in § 1B1.10(d) and reduced the base offense levels under U.S.S.G. § 2D1.1 by two levels for most drug offenses. *See* U.S.S.G. § 1B1.10(d); U.S.S.G. App. C, Amend. 782 (2014). Defendant's life imprisonment sentence, however, was not based on the drug quantity offense levels listed in § 2D1.1, but instead was based on the mandatory minimum sentence of life imprisonment listed in 21 U.S.C. §§ 841(b)(1)(A), 846, and 851. *See* 21 U.S.C. §§ 841(b)(1)(A), 846, 851. Because Defendant's guideline range was not based on the drug quantity guidelines, Amendment 782 did not lower the sentencing range upon which Defendant's sentence was based. U.S.S.G. § 1B1.10, comment. (n.1(A)). Indeed, Defendant would still be subject to a statutory minimum sentence of life imprisonment even after Amendment 782. *See United States v. Mills*, 613 F.3d 1070, 1077–78 (11th Cir. 2010) ("[T]he guidelines range for a defendant subject to a statutory minimum would not be lowered by an amendment, even if the amendment would otherwise be applicable to the defendant." (quotations omitted) (alteration in original)).

Defendant's argument that the district court violated *Kimbrough* and *Booker* by applying the Guidelines' provisions that limit the extent to which a defendant is eligible for relief under § 3582(c)(2) is without merit, as we have held that

*Kimbrough* and *Booker* "do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission." *United States v. Melvin*, 556 F.3d 1190, 1192 (11th Cir. 2009). In short, because Defendant was subject to a statutory minimum sentence, the district court lacked authority to reduce Defendant's sentence. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)).

Accordingly, the district court's denial of Defendant's § 3582(c)(2) motion is **AFFIRMED**.