[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13871
Non-Argument Calendar

_____

D. C. Docket No. 89-00059-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON LESTER THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 2, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Byron Lester Thompson appeals the district court's denial of his motion for reconsideration of the order denying him a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. No reversible error has been shown; we affirm.

We review the denial of a motion for reconsideration for an abuse of discretion. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004). A district court abuses its discretion when it makes an error of law. United States v. Gari, 572 F.3d 1352, 1361 (11th Cir. 2009).

When a sentencing guideline is amended and given retroactive effect, the district court may reduce an already incarcerated defendant's term of imprisonment under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, unauthorized under section 3582(c)(2) -- if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Amendment 706

2

retroactively reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c).

Thompson pleaded guilty to participating in a continuing criminal enterprise in violation of 21 U.S.C. § 848. Pursuant to the guideline for this offense (U.S.S.G. § 2D1.5), Thompson's base offense level was set at 36.[1] The district court applied a two-level upward departure to Thompson's offense level based on an application note in section 2D1.5, which provided that, in cases where the drug quantity exceeded substantially the amount required for a base offense level of 36 in the drug quantity table, an upward departure may be warranted. See U.S.S.G. § 2D1.5 comment. (n.2) (15 Oct. 1988). A base offense level of 36 (the highest then available) applied to at least 500 grams but less than 1.5 kilograms of crack cocaine; and evidence indicated that Thompson had been involved with between 5 and 15 kilograms of crack cocaine.

The district court denied Thompson's section 3582(c)(2) motion and his later motion for reconsideration because Amendment 706 did not lower his guidelines range. That Thompson's base offense level was not calculated pursuant to the drug quantity table in section 2D1.1 is clear. While drug quantity factored into the court's decision to depart upward, it did not factor into the initial selection

---

[1]The 1988 version of the Sentencing Guidelines was used to calculate Thompson's guidelines range.

of his base offense level.  See United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009) (concluding that defendants sentenced as career offenders under U.S.S.G. § 4B1.1 were ineligible for sentence reductions under Amendment 706 because their guidelines ranges were not based on the drug quantity offense levels that had been lowered by Amendment 706).

To the extent that drug quantity impacted on Thompson's final offense level, he still was ineligible for a sentence reduction under Amendment 706.  Now, the highest base offense level for drug offenses -- 38 -- applies to offenses involving 4.5 kilograms or more of crack cocaine.  See U.S.S.G. § 2D.1.1(c)(1).  Thompson was involved with between 5 and 15 kilograms of crack cocaine.  Thus, the drug quantity attributable to him precluded him from a sentence reduction.  See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008), cert. denied, 129 S.Ct. 1657 (2009) (explaining that the highest base offense level "still applies to defendants responsible for 4.5 kilograms or more" of crack cocaine).

The district court applied correctly the law on Amendment 706 and committed no abuse in denying reconsideration.[2]

_____

[2]To the extent Thompson argues that United States v. Booker, 125 S.Ct. 738 (2005), and Kimbrough v. United States, 128 S.Ct. 558 (2007), allow the district court to reduce his sentence, we have concluded that these and other cases providing for discretionary downward variances from the sentencing range are inapplicable to section 3582(c)(2) proceedings.  United

4

AFFIRMED.[3]

States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir.), cert. denied, 129 S.Ct. 2382 (2009).  And these cases also provide no independent jurisdictional basis for reducing a sentence of an otherwise ineligible defendant.  See Jones, 548 F.3d at 1369.

[3]Thompson's appellate argument that the government breached its plea agreement with him and that this breach violated his due process rights is beyond the scope of a section 3582(c)(2) proceeding, and we need not address it.  See 18 U.S.C. § 3582(c)(2) (limiting proceedings under this statute to cases where a retroactive amendment affects the applicable guidelines range).