[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14286
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20971-PAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDY AMEDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 6, 2013)

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Andy Ameda, a federal prisoner convicted of crack cocaine offenses, appeals the denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 750 to the Sentencing Guidelines. After review, we affirm.

Under § 3582(c)(2), a district court may reduce the prison sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). The district court may grant a § 3582(c)(2) motion only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A reduction is not consistent with the Sentencing Commission's policy statements if it is based on an amendment that does not have the effect of lowering the defendant's applicable guidelines range. U.S.S.G. § 1B1.10(a)(2)(B).

Where the amendment to the guidelines reduces the defendant's base offense level, but does not change the sentencing range upon which the defendant's sentence was based, the district court is not authorized to grant the § 3582(c)(2) motion. United States v. Berry, 701 F.3d 374, 376 (11th Cir. 2012). Thus, a defendant is not eligible for a § 3582(c)(2) sentence reduction if the amendment does not actually lower the defendant's applicable guidelines range because the

2

defendant's sentence was based on the statutory mandatory minimum.  United States v. Mills, 613 F.3d 1070, 1077-78 (11th Cir. 2010); see also U.S.S.G. § 1B1.10 cmt. n.1(A)."[1]  Here, the district court properly denied Ameda's § 3582(c)(2) motion because Ameda's sentence was based on the ten-year statutory mandatory minimum in 21 U.S.C. § 841(b)(1)(A)(iii).

In 2007, Ameda was charged with conspiring with his brother to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 846 ("Count 1"), and possessing with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) and § 2 ("Count 2").  Ameda pled guilty to Count 2 and entered an Alford plea as to Count 1, which carried a statutory mandatory minimum ten-year sentence.

Ameda entered an Alford plea on Count 1 because, although he maintained he had not conspired with his brother, he knew that if he proceeded to trial, the government would file a § 851 notice, which would subject him to a mandatory life sentence on Count 1, and he agreed that the government could prove he was guilty of Count 1 beyond a reasonable doubt.  Ameda also indicated that he was unwilling to agree to the total amount of drugs involved in the conspiracy because not all of the lab reports had been finalized.  The parties agreed that the district

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008).

3

court would determine the drug amount after holding a "mini-trial" on the issue. The district court accepted Ameda's pleas and found him guilty of both counts.

At his 2008 sentencing, Ameda did not dispute the amount of drugs attributed to him as relevant conduct, which included the 5.9 grams Ameda personally sold (the basis for Count 2) and an additional 53.6 grams Ameda's brother had sold (as part of the conspiracy charged in Count 1), for a total of 59.5 grams of a "mixture or substance" containing cocaine base. Ameda also did not object to the Presentence Investigation Report's calculation of his base offense level at 30, pursuant to U.S.S.G. § 2D1.1(a)(3) (2008), based on the total amount of crack cocaine involved or to the resulting advisory guidelines range of 130 to 162 months' imprisonment.

Instead, Ameda argued that the district court should use the weight of the actual cocaine base (43.8 grams), rather than the weight of the mixture (59.5 grams), so that Ameda would be subject to the five-year mandatory minimum in 21 U.S.C. § 841(b)(1)(B)(iii) rather than the ten-year mandatory minimum in § 841(b)(1)(A)(iii). The district court rejected Ameda's argument and imposed the ten-year mandatory minimum sentence.

Effective November 1, 2011, Amendment 750 lowered the base offense levels for particular crack cocaine quantities in U.S.S.G. § 2D1.1(c). See U.S.S.G. App. C., Amends. 748, 750. If Amendment 750 had been in place when Ameda

4

was sentenced, Ameda's offense level would have been 26, rather than 30. See U.S.S.G. § 2D1.1(c)(7) (involving at least 28 grams, but less than 112 grams, of cocaine base). Because Ameda's sentence was based on the ten-year mandatory minimum, however, Amendment 750 did not lower his sentencing range, the low end of which remains 120 months. Thus, the district court was not authorized under § 3582(c)(2) to reduce Ameda's sentence. See Mills, 613 F.3d at 1078.

Ameda contends that at sentencing the district court attributed to him only the 5.9 grams of crack cocaine he personally sold (which was the basis for Count 2), and thus he is subject to the five-year mandatory minimum in § 841(b)(1)(B)(iii) and not the ten-year mandatory minimum in § 841(b)(1)(A)(iii). The record belies this claim. Ameda entered an Alford plea to Count 1 of the indictment, which charged a drug distribution conspiracy involving 50 grams or more of crack cocaine, in violation of § 841(b)(1)(A)(iii). At sentencing, Ameda did not dispute the drug quantity attributed to him as relevant conduct except to argue that the actual weight rather than the mixture weight should be used. The sentencing court stated multiple times that it was required to impose the mandatory minimum ten-year sentence and that it was varying "downward from the low end of the guidelines [of 130 to 162 months] and . . . impos[ing] the minimum mandatory." Although the sentencing court discussed the 5.9 grams of crack cocaine that were the basis for the substantive offense in Count 2, the sentencing

5

court did not, as Ameda suggests, find that Ameda was responsible for only those 5.9 grams for sentencing purposes.

We further note that this Court already has concluded that Ameda's applicable mandatory minimum sentence was the ten-year mandatory minimum in § 841(b)(1)(A)(iii).  In an earlier 28 U.S.C. § 2255 motion, Ameda raised a similar challenge, couched as a due process claim, in which he argued, inter alia, that his "mandatory minimum was not ten(10) years" because the sentencing court had "impermissibly aggregated the drug amounts to reach the mandatory minimum threshold."  The district court denied Ameda's § 2255 motion.  In an order denying Ameda's request for a Certificate of Appealability, this Court stated that at his plea hearing, Ameda "acknowledged that the government could prove that he had conspired to distribute 50 grams or more of crack cocaine, and that the mandatory minimum sentence for such an offense was 10 years."  The Court further stressed that "although Ameda filed no objections to his presentence investigation report, the [sentencing] court allowed him to raise the issue of the appropriate amount of drugs at sentencing."  The Court concluded that Ameda was not denied due process.  See Ameda v. United States, No. 11-14441 (11th Cir. May 24, 2012) (unpublished).

Ameda also argues that the district court: (1) constructively amended the indictment by accepting his Alford plea to Count 1; and (2) erred at the original

6

sentencing by holding him responsible for 59.5 grams of crack cocaine as relevant conduct.  These issues are outside the scope of a § 3582(c)(2) proceeding.  See Dillon v. United States, 560 U.S. ___, 130 S. Ct. 2683, 2693-94 (2010) (concluding that the district court properly declined to address the defendant's claims of original sentencing errors because they were not affected by the guidelines amendment at issue and were "outside the scope of the proceeding authorized by § 3582(c)(2)").

For these reasons, the district court properly denied Ameda's § 3582(c)(2) motion.

**AFFIRMED.**