[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11977
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-20799-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUGGAN L. HIGGINBOTTOM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2015)

Before HULL, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Duggan Higginbottom, a federal prisoner convicted of drug and firearm offenses, appeals pro se the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 of the Sentencing Guidelines.  After review, we affirm.[1]

A district court may reduce a defendant's prison term if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2). The applicable policy statements, found in U.S.S.G. § 1B1.10, provide that a sentence reduction is not authorized under § 3582(c)(2) when the retroactive guideline amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

Thus, a sentence reduction is not authorized by an amendment that changes one guideline if the defendant's sentence was based on a different guideline.  See United States v. Berry, 701 F.3d 374, 376-77 (11th Cir. 2012) (concluding that no § 3582(c)(2) reduction was authorized by Amendment 750, which lowered offense levels in § 2D1.1(c), the Drug Quantity Table, because the defendant's offense level and resulting sentencing range were based on § 4B1.1, the career offender guideline).  Moreover, a sentence reduction is not authorized where a defendant's

---

[1] "We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008).

2

guidelines range and sentence are based on a statutory mandatory minimum.  See United States v. Mills, 613 F.3d 1070, 1077-78 (11th Cir. 2010); see also U.S.S.G. § 1B1.10 cmt. n.1(A).

Here, the district court did not err in denying Higginbottom's § 3582(c)(2) motion based on Amendment 782.  Amendment 782, like Amendment 750 before it, lowered the base offense level for many drug offenses by revising the Drug Quantity Table in § 2D1.1(c).  See U.S.S.G. app. C, amend. 782; see also U.S.S.G. § 1B1.10(d) (including Amendment 782 in the list of amendments that may serve as the basis for a § 3582(c)(2) reduction).  The problem for Higginbottom is that the sentencing court did not use § 2D1.1(c) to calculate Higginbottom's advisory guidelines range.

Higginbottom was convicted of both drug and firearm offenses. Specifically, a jury convicted Higginbottom of unlawfully possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); knowingly possessing marijuana with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count 2); and knowingly using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).

At sentencing, Counts 1 and 2 were grouped together for purposes of calculating an advisory guidelines range.  See U.S.S.G. § 3D1.2(c).  For Counts 1

3

and 2, the sentencing court used § 2K2.1, the guideline applicable to firearm offenses, rather than § 2D1.1(c), to calculate Higginbottom's offense level because § 2K2.1 resulted in a higher offense level.  See U.S.S.G. § 3D1.3(a) (providing that the offense level for counts grouped together under § 3D1.2(c) is the highest offense level of the counts in the group).  With an adjusted offense level of 28 and a criminal history of VI, the advisory guidelines range for Counts 1 and 2 was 140 to 175.  The sentence for Count 3 was imposed separately because it required a statutory mandatory minimum 60-month consecutive sentence.  See 18 U.S.C. § 924(c)(1)(A)(i).  Ultimately, the district court imposed a total 200-month sentence.

In short, Higginbottom's sentencing range for Counts 1 and 2 was based on § 2K2.1 and his sentencing range for Count 3 was based on § 924(c).  Thus, Amendment 782, which changed only the offense levels in § 2D1.1(c), had no effect on Higginbottom's sentencing range for any of his counts of conviction. The district court therefore did not have the authority to reduce Higginbottom's sentence under § 3582(c)(2).  See Berry, 701 F.3d at 376-77; Mills, 613 F.3d at 1077-78.

To the extent Higginbottom challenges his original sentence, including arguing that it violated United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), these are not issues he can raise in a § 3582(c)(2) proceeding.  See 18

4

U.S.C. § 3582(c)(2) (limiting proceedings to cases in which a retroactive guideline amendment affects the applicable sentencing range); United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000) (explaining that all original sentencing determinations other than the effect of the amended guideline provision remain unchanged in a § 3582(c)(2) proceeding).

Accordingly, because Higginbottom was not eligible for § 3582(c)(2) relief based on Amendment 782, the district court properly denied his § 3582(c)(2) motion.

**AFFIRMED.**