[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15854
Non-Argument Calendar

_____

D.C. Docket No. 8:07-cr-00439-JSM-MAP-2


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

versus

NELSON RUBIEL CANAR-VALENCIA,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 5, 2017)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Nelson Canar-Valencia appeals pro se from the district court's denial of his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which allows a

court to modify a defendant's term of imprisonment if the Sentencing Commission later reduces the guidelines range for his offense. He contends that he was entitled to that reduction based on Amendment 782 to the United States Sentencing Guidelines. We disagree.

Amendment 782 amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c) by, among other things, increasing from 150 kilograms to 450 kilograms the minimum amount of cocaine for which a defendant must be responsible to qualify for a base offense level of 38. Compare U.S.S.G. § 2D1.1(c) (2013), with U.S.S.G. § 2D1.1(c) (2014). This change would not have affected Canar-Valencia's base offense level, however, because — according to the presentence investigation report in his case — he was "accountable for approximately 5,268 kilograms of cocaine" (and some heroin). As a result, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a)(2)(B); United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008).[1]

**AFFIRMED.**

---

[1] Because we conclude that the district court correctly denied Canar-Valencia's motion on the merits, we do not address the government's law of the case argument.

We also do not address Canar-Valenica's arguments as to "safety valve" reductions under 18 U.S.C. § 3553, the substantive reasonableness of his sentence, and his lack of access to certain programs available to non-alien prisoners. Those arguments have no bearing on whether he was entitled to relief under 18 U.S.C. § 3582(c)(2). See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) ("Section 3582(c), under which this sentencing hearing was held, does not grant to the court jurisdiction to consider extraneous resentencing issues such as this one. Bravo must instead bring such a collateral attack on his sentence under 28 U.S.C. § 2255.").